[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Fermin Adorno, Jr., filed his petition on February 27, 1998, alleging illegal confinement by reason of ineffective assistance of trial counsel, in derogation of the petitioner's rights to due process and fair trial under the sixth and fourteenth amendments to the U.S. CT Page 14819 Constitution and Article I, Section 8 of the Constitution of Connecticut. An amended petition was filed on November 10, 1998 and the respondent's return on November 19, 1998. A hearing on the petition as amended opened on June 2, 1999, continued on June 3, when the parties rested and the matter was continued for briefing.
 II
In 1994, the petitioner was found guilty, after a jury trial, in the Judicial District of Middlesex, of Felony Murder, in violation of General Statutes § 53a-54c and of Burglary h in the First Degree, in violation of General Statutes § 53-101(a)(1), in connection with the "death of Delmar Johnson. On December 12, 1994, the petitioner was sentenced to a term of life imprisonment on the felony murder charge and a concurrent term of twenty years on the burglary first charge. At trial, the petitioner was represented by John Bunce, Jr. The petitioner appealed his convictions, which were upheld, State v. Adorno,45 Conn. App. 187, cert.denied, 242 Conn. 904. The petitioner's appellate counsel was Mark Rademacher.
 III
The petitioner's claims of ineffective assistance of counsel fall into two categories; claims of ineffective assistance of counsel by virtue of various errors and omissions in the course of trial, and a claim of unfitness of trial counsel by reason of his misconduct in unrelated matters. With regard to the latter claim, paragraph 6. of the amended complaint states: "Upon information and belief, Petitioner believes that his trial counsel's pattern of misconduct before and during trial demonstrated ineffectiveness and prejudiced him and but for those actions, he would not have been convicted of felony/murder."
A recitation of certain facts is helpful in understanding the basis of this claim. Trial counsel Bunce was convicted in 1997 of federal charges of wire fraud and income tax fraud. He was incarcerated and has been disbarred. Bunce's conviction stemmed from his actions in transferring funds from clients' estates for his own use in the period 1992-1994. The petitioner's argument here appears to be twofold; first that such misconduct rendered his assistance to the petitioner at trial ineffective per se; and second, that Bunce failed to put forth a defense for the petitioner, "at least in part, "because he was preoccupied with CT Page 14820 his scheme to defraud clients' estates. The court is not persuaded by either claim. The petitioner has failed to show that an actual conflict of interest between the petitioner and his counsel existed during the latter's representation, see Phillipsv. Warden, 220 Conn. 112. The petitioner has cited no authority, nor has the court found any, for the proposition that discovery, subsequent to his representation, of prior criminal conduct by "trial counsel in unrelated matters, renders that counsel's assistance ineffective with regard to representation in a matter unconnected with counsel's criminal conduct. Again, the petitioner has failed to establish that trial counsel was so preoccupied with misconduct unrelated to the petitioner's trial that counsel's assistance was ineffective. Trial counsel's habeas testimony was to the contrary (see Habeas Transcript, June 2, 1999, p. 7) and, for reasons stated below, the court finds that the petitioner has failed to meet the Strickland standards in seeking to establish that counsel's performance in representing the petitioner constituted ineffective assistance.
 IV
A habeas petitioner, claiming a deprivation of his right to effective assistance of counsel has the burden of showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that, but for the performance of counsel, the result would have been different, Strickland v. Washington,466 U.S. 668, 687-94, 104 S.Ct. 2052, 80 L.Ed 2d 674 (1984).
The court must indulge a strong presumption that counsel's conduct falls within the I wide range of reasonable professional assistance . . .". Id., at 689.
A court deciding an ineffective assistance of counsel claim need not address the I question of counsel's performance if it is easier to dispose of the claim on the ground of insufficient prejudice, Nardini v. Manson, 207 Conn. 118, 124 (citation omitted).
 V
Certain of the petitioner's claims concern trial counsel's performance at a hearing held on September 19, 1994 on the CT Page 14821 petitioner's motion to suppress certain oral statements which police officers testified were made by the petitioner following his arrest. The petitioner's statement was to the effect that he had gone to Portland on the night in question in a group of five men in two cars, had kicked in the door of the victim's apartment and had started shooting. It is undisputed that admission of testimony regarding said statement was crucial to the State's case. Accordingly, trial counsel filed the motion to suppress. (Respondent's Exhibit G, item 19). Trial counsel's aim was to establish that the petitioner had not been properly advised of his "Miranda" rights and had not knowingly, voluntarily or intelligently waived his right to remain silent and his right to the assistance of counsel. Testimony at the suppression hearing was that the petitioner had indeed been advised of his rights in timely fashion, had indicated he understood his rights and that questioning ceased when the petitioner stated he wanted to wait for his lawyer. Complicating matters, the petitioner testified that he'd been given his rights, that he'd understood them "in a way" but that he'd made no statement to the police regarding his involvement in the killing of Delmar Johnson. This surprised trial counsel. At the habeas hearing trial counsel testified that he had previously discussed with his client the plan to file a motion to suppress and indicated to his client that the client would be called to testify. Trial counsel proceeded to cross examine the State's witnesses regarding the advisement and their claim that the petitioner had voluntarily and knowingly waived his rights. At the conclusion of the suppression hearing the judge denied the motion to suppress.
Now, the petitioner claims that trial counsel compelled the petitioner to be a witness I against himself in that trial counsel called the petitioner to testify at the suppression hearing after deciding unilaterally to do so and without preparing him to do so. Trial counsel's habeas testimony, which the court finds credible, is to the contrary (Transcript, June 3, 1999 habeas hearing, pp. 5-11). The court finds that the petitioner has failed to establish these claims.
The petitioner claims that trial counsel failed to familiarize himself with, and make use of, material in his own files (given him by the public defender's office) which could have been used to raise reasonable doubt that the petitioner was competent to knowingly and voluntarily waive his "Miranda" rights. At the habeas hearing, the petitioner introduced into evidence a four page school record, dated 9/21/89. From this CT Page 14822 document, and in conjunction with the petitioner's habeas testimony, one could conclude that the petitioner had difficulties with math and reading and writing skills in the 7th grade, had taken some special education classes, and had not completed 8th grade (Petitioner's Exhibit 14). Habeas counsel asserts that trial counsel should have used this document and other, unspecified, school records, at the suppression hearing.
Habeas counsel claims that trial counsel "had school records which gave ample grounds for counsel to believe that petitioner was mentally impaired".
Apart from Exhibit 4, no school records were introduced into evidence at the habeas hearing. The court cannot speculate as to what such records might contain. The petitioner faults trial counsel for failure to seek expert testimony regarding the petitioner's competence to waive his Miranda rights, knowingly and intelligently. The evidence introduced at the habeas hearing simply does not suffice to require a finding of ineffective assistance of counsel by virtue of trial counsel's failure to seek such expert testimony. No expert testimony was offered at the habeas hearing to support the claim of mental impairment. Exhibit 4 is simply insufficient to support the claim of "mental impairment". I The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, that, but for acts or omissions of trial counsel, the result of the suppression hearing would have been different.
Habeas counsel claims that trial counsel "had no idea about the age, intelligence, capacity and education of his client." The court is not persuaded. At the habeas hearing trial counsel testified that he'd met with his client more than once before the suppression hearing. Trial counsel believed he'd had the petitioner's educational records in his file prior to the suppression hearing but that there was a small possibility he'd received the records subsequently (Transcript, habeas hearing, June 3, 1999, pp. 28-29). Trial counsel's argument at the sentencing hearing (Petitioner's Exhibit 9, Transcript, December 12, 1994 hearing) evidences an understanding by that time of his client's age, schooling, educational difficulties and background. A low level of education is not in and of itself, determinative of one's competence voluntarily to waive one's rights, State v.Santiago, 245 Conn. 301, 322.(citation, quotation marks omitted). It is noted that the appellate court, after reviewing, interalia, the petitioner's relative competence, found no evidence CT Page 14823 that the petitioner's statement was not given voluntarily, Statev. Adorno, supra, at 191.
The court finds that the petitioner has failed to establish that, but for acts or omissions of trial counsel it was reasonably probable that the result of the suppression hearing would have been different.
 VI
The petitioner makes several claims that the performance of trial counsel deprived him of his rights under the constitution of Connecticut. First, the petitioner claims his right to be heard was abrogated due to counsel's failure to investigate or interview witnesses. The petitioner produced no such witnesses at the habeas hearing, so who these "witnesses might be and what their testimony might have been remains speculative. Trial counsel testified at the habeas hearing that he had been called in to replace the petitioner's initial counsel, that he had been given a file by the public defender's office, that investigators for the public defender had interviewed individuals, that trial counsel had interviewed the witness, Ortiz, that in his experience police officers were unlikely to consent to interviews from defense counsel, that he was persuaded that a co-defendant would not be allowed by counsel to speak to him (Transcript, June 2, 1999. pp. 41-42, 67-68).
Next, the petitioner claims he was denied his right to be "informed" by virtue of trial counsels s remaining ignorant of "important facts" due to trial counsel's failure to interview unspecified witnesses. The petitioner has failed to establish this claim.
Next, the petitioner claims he was denied his right to confront witnesses, due to trial counsel's failure to investigate and prepare for trial. The petitioner claims trial counsel failed to follow up on "exculpatory or impeaching evidence" provided to trial counsel by the public defender and the state and did nothing to bring this exculpatory or impeaching evidence to the attention of the judge or jury. This is in apparent reference to information regarding the petitioner's age, background, education and understanding, discussed supra, and a copy of an arrest record of Wilson Ortiz, which showed Ortiz was arrested on drug charges as well as a charge of tampering with evidence. Trial counsel sought to impeach Ortiz at trial by questioning him CT Page 14824 regarding Ortiz' convictions but did not question Ortiz with regard to the arrest for tampering with evidence. At the habeas hearing the petitioner also introduced statements given to the police by Charles M. Lewis and Zeno Tounazis regarding incidents in the feud leading up to the death of the victim. The exculpatory value of these statements is not readily apparent. Neither Lewis not Tounazis testified at the trial, nor at the habeas hearing.
The petitioner claims that he was compelled by counsel to be a witness against himself at the suppression hearing, in violation of the Connecticut constitution. The court has already considered, and rejects, this claim, supra.
The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, any of his claims under the constitution of Connecticut and has failed to show that the outcome of the trial would have been different but for trial counsel's acts or omissions.
 VII
The petitioner claims that he was deprived of his rights under the federal constitution to effective assistance of counsel at the suppression hearing, at trial and at sentencing by trial counsel's failure to investigate. The petitioner claims, but fails to establish, that trial counsel "knew nothing of petitioner's background" and was "unaware of materials in his own files that related to petitioner's education, ability to understand" and "other crucial personal information", unspecified. The court is not persuaded.
The petitioner claims that trial counsel requested no funding for investigation but fails to persuade this court that failure to do so, in the circumstances of this case, constitutes ineffective assistance of counsel.
The petitioner, in his brief, claims that trial counsel failed to preserve "meritorious issues" for appeal. He does not specify what issues these may be and the court may not speculate. Similarly, the petitioner claims that trial counsel "was insufficiently familiar with investigative documents and prior witness statements in the case to make adequate judgments about whether to object to admission." Which investigative documents and which witness statements are not specified and the court CT Page 14825 finds these claims without merit.
The petitioner, in his brief, claims, for the first time, that trial counsel rendered ineffective assistance at the time of sentencing by falling to produce evidence about petitioner's IQ, his lack of education, his disadvantaged background and his susceptibility to influence by others. In fact, these were factors put forward in counsel's argument to the court at time of sentencing and addressed by the court in its remarks prior to imposing sentence. The court finds that the petitioner has failed to establish that there is a reasonable probability that, but for trial counsel's performance, the result of the sentencing hearing would have been different.
 VIII
The petitioner's remaining claims have to do with trial counsel's handling of a state's witness, Wilson Ortiz; and with trial counsel's failure to file a request for jury instruction with regard to the burglary charge.
With regard to the Ortiz testimony, the petitioner claims there were "at least fifteen different witness statements . . . that thoroughly discredited" Ortiz' trial testimony. The only statements introduced in the habeas record are those of Charles M. Lewis (Petitioner's Exhibit 14) and Zeno Tounazis (Petitioner's Exhibit 15). Neither mention the petitioner by name. Lewis states that Ortiz had been beaten by the deceased shortly before the latter's death. Both statements make reference to an expedition to the deceased's location and the attendant damaging of a car belonging to a friend of the deceased at a time prior to the shooting in question. These statements support testimony that there was an on-going dispute between two groups but neither statement contradicts Ortiz' testimony that the petitioner was present at the deceased's location on the occasion of the car damaging.
The petitioner states that, "Ortiz testified that petitioner had fought previously with the deceased". A review of Ortiz' trial testimony reveals no such statement by Ortiz. The petitioner states further, "Not one shred of credible evidence supported Ortiz' testimony that the petitioner knew the victim . . .". A review of Ortiz' trial testimony reveals no such statement by Ortiz. CT Page 14826
The petitioner claims that trial counsel's assistance was ineffective, due to his failure to impeach Ortiz' testimony by questioning him regarding the tampering with evidence charge. Assuming such question would have been allowed, there is no knowing what the answer would have been. The petitioner has failed to establish that it is reasonably probable that, but for trial counsel's acts and omissions in handling the testimony of Wilson Ortiz, the result of the trial would have been different.
 IX
The petitioner lays great stress on the failure of trial counsel to file a request for a jury charge regarding burglary, particularly as regards the elements of unlawful entry. Trial counsel testified at the habeas hearing that he felt the charge the judge gave counsel at a charge conference, and later gave to the jury, was sufficient. It is noted that the petitioner on appeal claimed the trial court's instruction to the jury on the crime of burglary was improper; our Appellate Court concluded that the trial court's instruction provided the jury with a clear understanding of the elements of the crime of burglary and was, therefore, constitutionally adequate, State v. Adorno, supra, at 198.
The petitioner offered habeas testimony of Attorney Mark Rademacher, who served as the petitioner's appellate counsel, and who gave as his opinion that trial counsel's failure to request such jury instruction fell below the standard of care for lawyers practicing in 1994. Rademacher opined that, had trial counsel requested a jury instruction that accurately set forth Connecticut law with regard to entry, the judge would have been required to give it. Rademacher did not testify as to what this proposed jury instruction would be. If the judge refused to give said instruction, then the judge's instruction would be reviewed on appeal, construing the evidence in the light most favorable to the defendant, rather than simply determining whether the charge given met constitutional requirements
The petitioner suggests there could be confusion in the jury's minds, as to entry into the apartment building and entry into the victim's apartment within the building. As to the latter, if the jury believed testimony that the petitioner stated, "we kicked in the door and started shooting" and believed testimony that the door frame of the victim's apartment was damaged, then "[c]ommon sense dictates that it would be CT Page 14827 reasonable to conclude that, in using the force necessary to kick open a locked door, the momentum would carry the defendant or one of his companions into the victim's apartment." State v. Adorno, supra, at 195. Common sense also suggests that had the petitioner kicked in the entrance to the apartment building and started shooting, the deceased, in all likelihood, would not have been shot on the occasion in question. The Appellate Court found that there was sufficient evidence to support the conclusion that the petitioner entered the victim's apartment, as the term is used in General Statutes § 53a-101 (a)(1), Id., at 194-96. This court finds the petitioner has failed to establish his claim that trial counsel's failure to file a request for jury instruction constituted ineffective assistance of counsel. Similarly, the petitioner has failed to establish his claim of ineffective assistance of counsel by reason of trial counsel's "failure to keep the jury focused" on which facts were necessary to prove that petitioner's actions constituted an illegal entry under the burglary statute. Lastly, the petitioner claims, " [t]here was no evidence presented to prove specific intent to threaten or assault." This claim was addressed by the Appellate Court, which found, "it was reasonable for the jury to have found that the defendant . . . intended to commit assault and to threaten." Accordingly, this court declines to review this claim.
 X
The court finds that the petitioner has failed to establish any of his claims that the acts or omissions of trial counsel, taken singly or in combination, constituted ineffective assistance of counsel so as to establish a reasonable probability that the result of the suppression hearing, the trial or the sentencing would, but for trial counsel's performance, have been different.
The petition is dismissed and judgment may enter in favor of the respondent.
By the Court,
Downey, J.