PAUL J. GEARY *v.* WENTWORTH LABORATORIES, INC., ET AL.
(AC 20170)

Lavery, C. J., and Foti and O'Connell, Js.

Submitted on briefs September 15—officially released November 7, 2000

*William M. Laviano* filed a brief for the appellant (plaintiff).

*Bernard E. Jacques, Dana R. Petaway* and *Sara N. Robinson* filed a brief for the appellees (defendants).

*Opinion*

LAVERY, C. J. The plaintiff, Paul J. Geary, appeals from the trial court's judgment rendered in favor of the defendants, Wentworth Laboratories, Inc. (Wentworth), and John Brown, following a jury trial on the plaintiff's amended complaint alleging wrongful termination, breach of contract, promissory estoppel, tortious interference with contract and breach of an implied covenant of good faith and fair dealing. On appeal, the

plaintiff claims that the court improperly failed to instruct the jury on (1) the apparent or actual authority of the vice president and general manager to bind Wentworth to an oral contract and (2) partial performance as it relates to contract formation. We disagree and affirm the judgment of the trial court.

The following facts are undisputed. The plaintiff began his employment with Wentworth in October, 1988. In November, 1991, he was offered a higher position with another company. When the plaintiff submitted his resignation to accept the new job, the vice president and general manager of Wentworth at the time, Clive Beddoe-Stevens, met with the plaintiff and persuaded him to stay on at Wentworth by offering him a raise, which he was in fact given. The plaintiff alleged at trial, however, that Beddoe-Stevens also expressly promised to appoint the plaintiff to head the new division that would be created by the separation of the company into two business units. When the separation of divisions finally occurred in February, 1994, Wentworth failed to appoint the plaintiff to the position. The plaintiff complained that the failure to appoint him to the position was a breach of the agreement he had made with Wentworth's vice president. Subsequently, the plaintiff resigned, claiming that he was constructively discharged as a result of the allegedly retaliatory acts Wentworth took after he protested the breach. This action followed.

Our standard of review concerning preserved claims of improper jury instruction is well settled. See *State* v. *Belanger*, 55 Conn. App. 2, 6–7, 738 A.2d 1109, cert. denied, 251 Conn. 921, 742 A.2d 359 (1999), cert. denied, 530 U. S. 1205, 120 S. Ct. 2200, 147 L. Ed. 2d 235 (2000). A jury instruction must be "considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon

legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *State* v. *Reid*, 254 Conn. 540, 559, 757 A.2d 482 (2000). Therefore, "[o]ur standard of review on this claim is whether it is reasonably probable that the jury was misled." *Thames River Recycling, Inc.* v. *Gallo*, 50 Conn. App. 767, 774, 720 A.2d 242 (1998), citing *McSwiggan* v. *Kaminsky*, 35 Conn. App. 673, 681, 647 A.2d 5, cert. denied, 231 Conn. 934, 649 A.2d 256 (1994).

I

The plaintiff's first claim is that the court's jury instructions were improper because they failed to instruct the jury as to actual and apparent authority, thus leaving the jury without guidance as to whether the vice president and general manager of Wentworth had the ability to bind the company to a contract. We disagree.

Our review of the court's instructions reveals that the instructions were well adapted to the law of contracts.[1] The court apprised the jury of the general rule

---

[1] The trial court gave the following relevant instructions: "You must first determine whether a contract existed based on all the circumstances in November of 1991 as they existed. A contract is not completed if, in the contemplation of the parties, something remains to be done to establish the contractual relationship. The law will not make it [a] contract with the parties and cannot, nor does it regard an arrangement as complete which the parties regard as incomplete. The decisive question for you to determine from the circumstances, the motives of the parties and the purposes which they sought to accomplish is whether a contract was made.

"To create a contract, there must be both offer and acceptance. There must be a meeting of the minds. There must also be consideration for that contract. And here, there is testimony that the plaintiff received a salary increase and agreed to remain with [Wentworth] forgoing a position with a competitor in the industry.

that to form a binding contract there must be an offer and acceptance based on a mutual understanding of the parties. *Lembo v. Schlesinger*, 15 Conn. App. 150, 154, 543 A.2d 780 (1988). The court further instructed the jury that a contract requires a clear and definite promise; see *Suffield Development Associates Ltd. Partnership v. Society for Savings*, 243 Conn. 832, 843, 708 A.2d 1361 (1998); and that mere representations indicating an intent to enter into another employment contract at some time in the future do not support contractual liability. See *D'Ulisse-Cupo v. Board of Directors of Notre Dame High School*, 202 Conn. 206, 214, 520 A.2d 217 (1987).

Because the court properly instructed the jury as to the elements of a contract and because the jury concluded that Wentworth made no clear and definite promise to the plaintiff,[2] we need not reach the question of whether the court should have instructed the jury on apparent authority. It is irrelevant whether Beddoe-Stevens had authority, either actual or apparent, to bind Wentworth because the jury found that he made no promise to appoint the plaintiff to be in charge of the new division.

"I charge you that an agreement must be definite and certain as to its terms and requirements in order to constitute a contract. In deciding whether the parties entered into an agreement in November, 1991, you may consider whether all material terms essential to an employment contract, such as duration, conditions of employment, salary, fringe benefits and so forth, were included. To be enforceable, it is not necessary that an agreement be in writing. An oral agreement may be enforceable.

"You must therefore determine whether, in November of 1991, the parties entered into an agreement or merely discussed the expectation of a future contract after the division split occurred. If you find that the plaintiff, Paul Geary, has proven by a fair preponderance of the evidence that a contract was created between himself and [Wentworth] in 1991, you must then consider whether he has proven that [Wentworth] breached the contract by that same standard, a fair preponderance of the evidence."

[2] In response to the interrogatory, "Do you find that a clear and definite promise was made to the plaintiff, Paul Geary, that he would be named head of the operations division of Wentworth Laboratories, Inc., following a split into two divisions," the jury answered, "No."

## II

The plaintiff next claims that the court improperly refused to instruct the jury on partial performance as it relates to the formation of a contract and its terms. We are not persuaded.

In determining whether the trial court's instructions are proper, "[t]he whole charge must be considered from the standpoint of its effect on the [jurors] in guiding them to the proper verdict . . . and not critically dissected in a microscopic search for possible error." (Internal quotation marks omitted.) *State* v. *Floyd*, 253 Conn. 700, 714, 756 A.2d 799 (2000). In addition, we must review the jury charge "in the context of the factual issues raised [at the trial]." *Daley* v. *Aetna Life & Casualty Co.*, 249 Conn. 766, 786, 734 A.2d 112 (1999), citing *State* v. *Austin*, 244 Conn. 226, 237, 710 A.2d 732 (1998).

The rules governing contract formation are well settled. "To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties. . . . If the minds of the parties have not truly met, no enforceable contract exists. . . . [A]n agreement must be definite and certain as to its terms and requirements. . . . So long as any essential matters are left open for further consideration, the contract is not complete." (Citations omitted; internal quotation marks omitted.) *L & R Realty* v. *Connecticut National Bank*, 53 Conn. App. 524, 534–35, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). A contract requires a clear and definite promise. See *Suffield Development Associates Ltd. Partnership* v. *Society for Savings*, supra, 243 Conn. 843. A court may, however, enforce an agreement

"if the missing terms can be ascertained, either from the express terms or by fair implication." *Presidential Capital Corp.* v. *Reale,* 231 Conn. 500, 507–508, 652 A.2d 489 (1994). Thus, an agreement, previously unenforceable because of its indefiniteness, may become binding if the promise on one side of the agreement is made definite by its complete or partial performance. See *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 430, 378 A.2d 538 (1977).

The gravamen of the plaintiff's claim is that if properly instructed, the jury could have found, under the theory of partial performance, that a contract existed between the parties because Wentworth partially performed its promise when it gave the plaintiff a raise after he withdrew his resignation. The jury could then have supplied reasonable missing terms to the employment contract including duration, salary and benefits.

Certain material terms such as the duration, salary, fringe benefits and other conditions of employment are deemed essential to an employment contract. See *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School,* supra, 202 Conn. 215. Mere representations indicating an intent to enter into a future contract for employment do not give rise to contractual liability. See id., 214. Because partial performance is limited to those cases where essential matters have been agreed to and are not open for further consideration, we conclude that a promise indicating an intent to make a future employment contract, absent an agreement on the material terms of employment, is not binding as a contract regardless of the promisor's partial performance.

In this case, the jury found that no definite promise was made regarding future employment,[3] and thus no

---

[3] See footnote 2.

agreement was made as to material terms. We conclude that there was no factual basis for a jury instruction regarding partial performance in this case.

We further note that the jury instructions sufficiently guided the jury to the correct verdict insofar as they addressed the necessity of material terms to form an employment contract. The court instructed as follows: "I charge you that an agreement must be definite and certain as to its terms and requirements in order to constitute a contract. In deciding whether the parties entered into an agreement in November, 1991, *you may consider whether all material terms essential to an employment contract, such as duration, conditions of employment, salary, fringe benefits and so forth, were included.*" (Emphasis added.) The court further instructed, "You must therefore determine whether, in November of 1991, the parties entered into an agreement *or merely discussed the expectation of a future contract* after the division split occurred." (Emphasis added.) The court instructed the jury as to the general rules of contract formation, including the requirement of a definite promise to support employment contract liability, and to consider whether the parties agreed to the essential terms of an employment contract. We therefore conclude that the court properly adapted the jury instructions to the established rules of contract formation and partial performance to the extent those issues were raised by the evidence in the case.

The judgment is affirmed.

In this opinion the other judges concurred.