[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT
CT Page 10537
Before the court is the defendants', Ellen Lubell and the firm of Weisman Lubell, motion to strike the plaintiff's revised amended complaint dated October 30, 2000. The plaintiff, Margaret McHenry, alleges the following facts in her amended revised complaint. On February 4, 1994, the plaintiff retained the defendants, Ellen Lubell and the law firm of Weisman Lubell, to represent her in her divorce action. The plaintiff's husband retained Attorney Edward Nusbaum to represent him in the divorce action. On September 26, 1994, the plaintiff and her husband signed a separation agreement which was made final by the court, BassikJ. on that date. The plaintiff alleges that the defendants coerced her into signing the separation agreement and that they made representations about the agreement that induced her to agree to sign it. After signing the separation agreement, the plaintiff realized that in doing so, she had agreed to terms that were unfavorable to her. The plaintiff retained another attorney and in February, 1995, moved to reopen her divorce. The plaintiff then requested her file from the defendants, and when she received it, the separation agreement and the transcript of the hearing on her divorce action were missing from the file. The plaintiff alleges that Lubell and Edward Nusbaum altered the transcript to mirror the unfavorable terms in the separation agreement.
In response to the above events, the plaintiff filed suit against the defendants on October 8, 1997, alleging claims for deliberate intent to defraud, aiding and abetting the tortious conduct of another party, negligence/gross negligence, and breach of contract. On August 24, 1998, the court, Nadeau J., consolidated this case with McHenry v. Nusbaum,
Docket No. 346841. The defendants filed requests to revise and the plaintiff filed numerous amended complaints. On September 5, 2000, the court, Rush J., ordered the plaintiff to revise her complaint on or before September 11, 2000. Pursuant to the court's order, the plaintiff filed a revised amended complaint on September 11, 2000. On September 25, 2000, the defendants filed a motion to strike each count of the complaint. The motion was granted in its entirety by the court, MelvilleJ., on October 10, 2000.[1] On October 30, 2000, the plaintiff filed a request to amend and another revised amended complaint.[2]
In the operative revised amended complaint, the plaintiff asserts the following causes of action against Lubell: deliberate intent to defraud (count one), negligence (count two), breach of contract (count three), legal malpractice (count four), civil conspiracy/aiding and abetting (count five), violation of Connecticut Unfair Trade Act (CUTPA) (count six), recklessness (count seven), negligent infliction of emotional pain (count nine), intentional infliction of emotional distress (count ten), CT Page 10538 and fraud by nondisclosure (count twelve).[3] In count eleven, the plaintiff asserts a claim against Weisman Lubell in which she alleges that the firm should be held responsible for Lubell's conduct.[4] On November 15, 2000, the defendants filed a motion to strike each count of the revised amended complaint, and a supporting memorandum. On November 30, 2000, the plaintiff filed an objection to the motion and a supporting memorandum. The court heard oral arguments on the motion on February 26, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
In their motion to strike, the defendants contend that, in many of the counts, the plaintiff has reiterated the allegations she made in the previous complaint that was stricken by the court and she has not addressed the legal deficiencies therein. The defendants also contend that each count is legally insufficient because the plaintiff fails to plead the elements of her claims. In response, the plaintiff argues that the defendants' motion to strike should be denied because the proper pleading to challenge redundant pleadings is a request to revise, and not a motion to strike. The defendants do not address this argument in their memorandum.
"When the allegations of an amended complaint appear to be the same in substance as those of an earlier complaint that was stricken, the defendant may challenge the amended complaint by filing a request to revise . . . or a second motion to strike. Although [a motion to strike and a request to revise] generally serve different functions,[5] either may be used when the amended complaint merely restates the original cause of action that was previously stricken. . . . If the plaintiff here has in fact merely restated the original cause of action, the defendant would prevail on either pleading." (Citations omitted; internal quotation marks omitted.) Doe v. Marselle, 38 Conn. App. 360, 362-63, 660 A.2d 871
(1995), rev'd on other grounds, 236 Conn. 545, 675 A.2d 835 (1996). CT Page 10539 Thus, the court finds that the motion to strike is a proper motion.
In count one, the plaintiff alleges that the defendants committed fraud by making misrepresentations to her regarding her rights in the divorce, the process of obtaining a divorce and the provisions of the settlement agreement. The plaintiff also alleges that the transcripts of the court hearing on her divorce action were altered. The defendants argue that the plaintiff does not allege a recognized cause of action and even if the court finds that the plaintiff is attempting to state a cause of action for fraud or false misrepresentation, she has not plead sufficient facts to sustain this cause of action. In addition, the defendants argue that the plaintiff's allegations regarding the transcript are not sufficient because the plaintiff does not allege how and by what method the defendant altered the transcript.
"Fraud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways. . . . The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. . . . With respect to the scienter element, [w]e have had occasion to point out that where a defendant has special means of knowledge, and a plaintiff can under the circumstances attribute to the former accurate knowledge of what is represented, the plaintiff need not show the actual knowledge of the falsity of the representation." (Citations omitted; internal quotation marks omitted.) J. FrederickScholes Agency v. Mitchell, 191 Conn. 353, 358, 464 A.2d 795 (1983).
In construing the facts most favorably to the plaintiff, the plaintiff has adequately alleged a cause of action for fraud. The plaintiff alleges that the defendants made misrepresentations of fact to her regarding the provisions of the separation agreement, her rights thereunder and the procedures involved in her divorce action. The plaintiff also alleges that the defendants knew her representations were false, and that the defendant made the representations to induce the plaintiff to sign the agreement.[6] In addition, the plaintiff alleges that she relied on the defendants' misrepresentations in signing the agreement and that she has been injured as a result, as to her ex-husband's retirement account, her and her children's rights under COBRA, lost alimony and college, therapy and legal expenses.
It is apparent to the court that the plaintiff's allegations regarding the altered transcripts are not legally sufficient. The plaintiff alleges that her new attorney obtained the transcript directly from the court reporter and, although she alleges that the defendants were "a party to CT Page 10540 their forgery and altering", she does not allege how and by what method the defendants contributed to the alteration. Therefore, the motion to strike count one is denied with the exception that the plaintiff's allegations regarding the altered transcript are stricken.
In count two, the plaintiff alleges that the defendants were negligent in their representation of the plaintiff. She alleges that the defendants did not use the skill and procedures available to obtain an adequate and fair settlement for her in her divorce. The defendants argue that count two should be stricken on the ground that the plaintiff does not sufficiently allege that the defendants' breach of duty was a proximate cause of the plaintiff's damages.
"Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so. . . . It is well settled that to state a cause of action for negligence, a plaintiff must establish duty; breach of that duty; causation; and actual injury. . . . The existence of a duty is a question of law, and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation." (Citations omitted; internal quotation marks omitted.) Davies v. General Tours,Inc., 63 Conn. App. 17, 22-3, ___ A.2d ___, cert. granted on other grounds, 256 Conn. 926, ___ A.2d ___ (2001). Professional negligence is defined as "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." (Internal quotation marks omitted.)Santopietro v. New Haven, 239 Conn. 207, 226, 682 A.2d 106 (1996).
In the context of settlement agreements, the Supreme Court has ruled, "[W]e recognize that litigants rely heavily on the professional advice of counsel when they decide whether to accept or reject offers or settlement, and we insist that the lawyers of our state to advise clients with respect to settlements with the same skill, knowledge, and diligence with which they pursue all other legal tasks. . . . Therefore, when it has been established that an attorney, in advising a client concerning the settlement of an action, has failed to exercise that degree of skill and learning commonly applied under all circumstances in the community by the average prudent reputable member of the [legal] profession . . . [and that conduct has] result[ed in] injury, loss, or damage to the [client] . . . the client is entitled to a recovery against the attorney. (Citations omitted; internal quotation marks omitted.) Grayson v.Wofsey, Rosen, Kweskin Kuriansky, 231 Conn. 168, 174-75, 646 A.2d 195
(1994). CT Page 10541
Construing the factual allegations in the complaint in the manner most favorable to the plaintiff, the court finds that she alleges a claim for negligence. The plaintiff alleges that the defendants owed the plaintiff a duty of care pursuant to their attorney-client relationship and that the defendants breached this duty by not using the skill required to ensure a fair settlement of the divorce. The plaintiff alleges sufficiently that the defendants lack of skill caused the plaintiff to enter into an unfair and inequitable settlement that injured her. Specifically, the plaintiff alleges that due to the defendants' negligence, the plaintiff is unable to obtain medical coverage, benefits and treatments, college funds and to pursue a career. Therefore, the motion to strike count two is denied.
In count three, the plaintiff alleges that the defendants breached the attorney/client contract because they did not diligently, responsibly and professionally represent the plaintiff's interest. The defendants argue that this count should be stricken on the ground that the plaintiff does not allege that the purpose of the contract was to achieve a particular result. The defendants contend that the plaintiff's allegations sound in negligence, not breach of contract.
"The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." (Citation omitted.) EagleHill Southport School, Inc. v. Roberts, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 363604 (August 24, 2000,Melville, J.). "To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . If the minds of the parties have not truly met, no enforceable contract exists. . . . [A]n agreement must be definite and certain as to its terms and requirements. . . . So long as any essential matters are left open for further consideration, the contract is not complete. . . . A contract requires a clear and definite promise. . . . A court may, however, enforce an agreement if the missing terms can be ascertained, either from the express terms or by fair implication." (Citations omitted; internal quotation marks omitted.)Geary v. Wentworth Laboratories, Inc., 60 Conn. App. 622, 627-28,760 A.2d 969 (2000).
The plaintiff alleges that she and the defendants entered into an agreement whereby the defendants were to represent her interests, obtain a divorce for her, which was appropriate under the circumstances, and provide the plaintiff and her children with financial security. The plaintiff also alleges that Lubell agreed to represent her pursuant with the professional standard of care. The plaintiff also alleges that the defendants breached the terms of the contract by failing to protect her CT Page 10542 rights and by breaching the professional standard of care. Lastly, the plaintiff alleges that she was damaged as a result of the defendants' breach in that she obtained an inadequate settlement and she was compelled to reopen the divorce to remedy the problems caused by the defendants' breach. Construing the plaintiff's factual allegations in the manner most favorable to the plaintiff, the court finds that she sufficiently alleges a claim for breach of contract. Therefore, the motion to strike count three is denied.
In count four, the plaintiff alleges that the defendants breached their duty of care and committed legal malpractice. The defendants argue that this count should be stricken on the grounds that the plaintiff does not state a cause of action and merely realleges a claim of negligence.
"In general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages."Mayer v. Biafore, Florek O'Neill, 245 Conn. 88, 92, 713 A.2d 1267
(1998). "A claim of legal malpractice, whether framed in contract or in negligence, is based on allegations that the lawyer's conduct fell below an applicable standard of care." Flexo Converters USA v. Adelman,
Superior Court, judicial district of Tolland, Complex Litigation Docket, Docket No. 72553 (November 29, 2000, Bishop, J.).
Construing the factual allegations in the complaint in the manner most favorable to the plaintiff, it is apparent that her claim for legal malpractice is essentially the same as her claim for negligence. Therefore, the motion to strike count four is granted.
In count five, the plaintiff alleges that the defendants and Attorney Edward Nusbaum conspired against her to withhold documents from her in order to conduct the divorce action, to draft a separation agreement and to alter the hearing transcripts to benefit the plaintiff's husband and be detrimental to her. The defendants argue that this count should be stricken on the grounds that the plaintiff does not plead facts that support the elements of civil conspiracy. Specifically, the defendants argue that the plaintiff fails to plead that the defendants conspired to perform an illegal action, that one or more of the parties performed an action in furtherance of their objective, or that the plaintiff was damaged as a result. In addition, the defendants argue that this count should be stricken on the ground that professional negligence and conspiracy can not coexist in the same case.
Conspiracy is defined as "a combination between two or more persons to do a criminal and unlawful act or a lawful act by criminal means against another person or persons; and that a civil action for conspiracy rests CT Page 10543 upon something actually done by one or more persons, or defendants, pursuant to the scheme and in furtherance of the object, which act results in damage to the plaintiff. The requisites of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." Williams v. Maislen, 116 Conn. 433, 437, 165 A. 455
(1933); see also Marshak v. Marshak, 226 Conn. 652, 665, 628 A.2d 964
(1993).
Construing the factual allegations in the complaint in the manner most favorable to the plaintiff, the court finds that she does not sufficiently allege a claim for civil conspiracy. The plaintiff fails to adequately allege that the defendants conspired to perform an illegal act. The acts the plaintiff attributes to the defendants may be tortious but are not necessarily unlawful. Therefore, the motion to strike to count five is granted.
In count six, the plaintiff alleges that the defendants violated the Connecticut Unfair Trade Practices Act (CUTPA) when they altered the transcript. The defendants argue that this count should be stricken because it is a negligence claim cloaked as a CUTPA claim. In opposition, the plaintiff argues that she sufficiently pleaded a CUTPA claim.
General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[7] "To state a claim under CUTPA, the plaintiff must allege that the actions of the defendant were performed in the conduct of "trade or commerce'." Muniz v. Kravis,59 Conn. App. 704, 711, 757 A.2d 1207 (2000).
"[V]iolations predicated on negligence or malpractice, whether legal or medical, are not covered [by CUTPA] because those claims address only competence." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 213, 746 A.2d 730 (2000). Our Supreme Court has concluded that "professional negligence — that is, malpractice — does not fall under CUTPA. Although physicians and other health care providers are subject to CUTPA, only the entrepreneurial or commercial aspects of the profession are covered, just as only the entrepreneurial aspects of the practice of law are covered by CUTPA. Although an attorney is not exempt from CUTPA . . . [We] have held that it is important not to interfere with the attorney's primary duty of robust representation of the interests of his or her client. . . . This public policy consideration requires us to hold that CUTPA covers only the CT Page 10544 entrepreneurial or commercial aspects of the profession of law. The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons." (Citations omitted; internal quotation marks omitted.)Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 34-5, 699 A.2d 964
(1997).
Construing the factual allegations in the complaint in the manner most favorable to the plaintiff, the court concludes that her CUTPA claim is premised on the noncommercial aspect of the defendants' conduct; i.e., their conduct in representing her in the divorce action. Therefore, the motion to strike count six is granted.
In count seven, the plaintiff alleges that the defendants violated the professional standards of care and that their conduct was so egregious that it can only be classified as recklessness. The defendants argue that this count should be stricken on the ground that the plaintiff does not allege facts sufficient to constitute a recklessness claim. In opposition, the plaintiff argues that it is not the court's role to determine whether the plaintiff proved her claim, but to decide whether the claim alleges an egregious action.
"Recklessness is a state of consciousness with reference to the consequences of one's act. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more that a failure to exercise a reasonable degree of watchfulness to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights of safety of others or of the consequences of the action. . . . [W]illful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Citations omitted, internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518,532-33, 542 A.2d 711 (1988). "Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Dumondv. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958).
Construing the factual allegations in the complaint in the manner most favorable to the plaintiff, the court concludes that she does not sufficiently allege a cause of action for recklessness. The plaintiff does not allege conduct by the defendants that involves any highly unreasonable conduct involving an extreme departure from ordinary care. Therefore, the motion to strike count seven is granted.
In count nine, the plaintiff alleges that Lubell's conduct in CT Page 10545 representing the plaintiff in the divorce action negligently inflicted emotional distress on the plaintiff. The defendants argue that this count should be stricken on the ground that the plaintiff has only alleged the equivalent of property damage and the plaintiff does not allege specific facts that reflect that Lubell should have realized that her conduct involved an unreasonable risk of causing emotional distress to the plaintiff and that such distress might cause illness or bodily harm to the plaintiff.
To allege a negligent infliction of emotional distress claim, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, "if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v.United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655 (1997). "[R]ecovery for unintentional caused emotional distress does not depend on proof of either ensuing physical injury or risk of harm from physical impact." Montinieri v. Southern New England Telephone Co., 175 Conn. 337,345, 398 A.2d 1180 (1978).
The plaintiff alleges that Lubell knew or should have known that the procedures the plaintiff was subjected to in the divorce action and the provisions of the separation agreement unreasonably risked causing emotional distress to the plaintiff, that this distress might result in illness or bodily harm to the plaintiff, and that she suffered great emotional harm. In addition, the plaintiff alleges that the defendants failed to protect her from the emotional and financial control her ex-husband exerted over her. Thus, she alleges more than just property damage.
Construing the factual allegations in the complaint in the manner most favorable to the plaintiff, the court finds that she sufficiently alleges a claim for negligent infliction of emotional distress. Therefore, the motion to strike as to count nine is denied.
In count ten, the plaintiff alleges that the defendants intentionally inflicted emotional distress upon her by mishandling the divorce action. The defendants argue that this count should be stricken on the ground that the plaintiff failed to plead specific acts by the defendants that rise to the level of being outrageous and she has not plead that the emotional distress she suffered was severe.
"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional CT Page 10546 distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the' plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059
(2000).
As for the first element, "[l]iability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'. . . . Conduct on the party of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Id., 210-11.
Construing the factual allegations in the complaint in the manner most favorable to the plaintiff, the court concludes that she does not sufficiently allege a claim for intentional infliction of emotional distress. The plaintiff does not allege conduct by the defendants that can be considered to be outrageous. She does not allege conduct that rises to the level of being so outrageous in character as to go beyond all possible bounds of decency. Therefore, the defendants' motion to strike count ten is granted.
In count twelve, the plaintiff alleges that the defendants committed fraud by nondisclosure. The plaintiff based this claim on her contention that the defendants failed to disclose the plaintiff's obligations, the defendants did not reveal the plaintiff's ex-husband's finances and the defendants allowed the plaintiff's ex-husband to account for undocumented assets. The defendants argue that this count should be stricken because there is no independent cause of action known as fraud by nondisclosure.[8]
"Fraud by nondisclosure expands on the first three of [the] four elements [of fraud and] involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak. . . . To constitute [fraud by nondisclosure], there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak. . . . The duty to disclose known facts is imposed on a party CT Page 10547 insofar as he voluntarily makes disclosure. A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak." (Citations omitted; emphasis in original; internal quotation marks omitted.) Statewide Grievance Committee v. Egbarin,61 Conn. App. 445, 454-55, 767 A.2d 732, cert. denied,255 Conn. 949, 754 A.2d 64 (2001).
The plaintiff alleges that she retained Lubell to represent her in her divorce action and that Lubell thus had a duty to disclose information to her regarding her rights. She alleges that Lubell failed to disclose these rights to her and that she suffered harm as a result.
Construing the factual allegations in the complaint in the manner most favorable to the plaintiff, the court concludes that she sufficiently alleges a claim for fraud by nondisclosure. Therefore, the motion strike count twelve is denied.
In her prayer for relief, the plaintiff seeks "compensatory, double or treble, punitive, and actual and special damages for all appropriate counts" and "all attorney fees resulting from rectifying the original action, including pro se time and fees." The defendants contend that the plaintiff's prayer for punitive damages and attorney fees should be stricken if the court strikes the plaintiff's claim for recklessness because that the complaint does not otherwise state a claim which would support such relief.
"Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." PamelaB. v. Ment, supra, 244 Conn. 325. As a general rule, known as the "American rule," attorney's fees are not allowed absent statutory authority or contractual provision. Marsh, Day Calhoun v. Solomon,204 Conn. 639, 652, 529 A.2d 702 (1987). Notwithstanding the foregoing rule, however, attorney's fees may be awarded as a component of punitive damages upon evidence revealing "a reckless indifference to the rights of others or an intentional and wanton violation of those rights." WestHaven v. Hartford Ins. Co., 221 Conn. 149, 160, 602 A.2d 988 (1992). In addition, punitive damages and attorney fees may also be awarded pursuant to a cause of action based on CUTPA. "[T]he party who establishes CUTPA liability has access to a remedy far more comprehensive than the simple damages recoverable under common law . . . including costs and attorney's fees . . . and punitive damages." Jacques All Trades Corp. v. Brown,57 Conn. App. 189, 197-98, 752 A.2d 1096 (2000); see also, General Statutes §§ 42-110g (a) and (d). The prayer for relief for punitive damages should be stricken on the "ground that reckless indifference was not alleged in the complaint. Furthermore, the plaintiff does not allege any other statutory or contractual provision enabling her to collect CT Page 10548 attorney fees.
Because the court has stricken the plaintiff's causes of actions for recklessness and CUTPA, and her complaint does not otherwise support an award for such relief, the plaintiff's prayer for punitive damages and attorneys fees is stricken by the court.
 CONCLUSION
The court grants the defendants' motion to strike counts four through seven and ten of the plaintiff's revised amended complaint and denies the motion as to counts one (granted as to the allegations of the altered transcript), two, three, nine and twelve. Finally, the court grants the defendants' motion to strike the plaintiff's prayer for attorney fees and punitive damages.
SKOLNICK, J.