STATE OF CONNECTICUT *v.* DAVID A. SHEPARD
(AC 26535)

Schaller, Bishop and Harper, Js.

Submitted on briefs January 18—officially released June 26, 2007

*Joseph Visone,* special public defender, filed a brief for the appellant (defendant).

*John A. Connelly,* state's attorney, *Ronald G. Weller,* senior assistant state's attorney, and *David A. Gulick,* assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The defendant, David A. Shepard, appeals from the judgment of conviction, rendered after a jury trial, of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a (a) (1), drinking while operating a motor vehicle in violation of General Statutes § 53a-213 (a) and operating a motor vehicle with a suspended license in violation of General Statutes § 14-215 (a).[1] The defendant claims that (1) the trial court's operating under the influence instruction to the jury was deficient and (2) the court improperly permitted a witness to express an opinion with regard to an ultimate issue in the case. We affirm the judgment of the trial court.

I

The defendant first claims that the court's operating under the influence instruction was deficient. The defendant argues that the court conveyed to the jury that he was guilty if he was "driving while impaired," thereby diluting the state's burden of proof.

The defendant's claim is unpreserved because the defendant neither submitted a written request to charge nor took any exceptions to the court's charge. It is well settled that a claim of instructional error is preserved properly only when "the matter is covered by a written

---

[1] The jury found the defendant not guilty of failure to appear in the second degree in violation of General Statutes § 53a-173 (a) (1). The defendant also pleaded guilty to being a subsequent offender, as alleged in a part B information. In addition to imposing fines, the court sentenced the defendant to a total effective term of incarceration of two years and one day and one year of special parole.

request to charge or exception has been taken by the party appealing immediately after the charge is delivered. . . ." Practice Book § 16-20; see also *State* v. *Ramirez*, 94 Conn. App. 812, 823, 894 A.2d 1032, cert. denied, 278 Conn. 915, 899 A.2d 621 (2006); *State* v. *L'Minggio*, 71 Conn. App. 656, 670–71, 803 A.2d 408, cert. denied, 262 Conn. 902, 810 A.2d 270 (2002); *State* v. *Adorno*, 45 Conn. App. 187, 196–97, 695 A.2d 6, cert. denied, 242 Conn. 904, 697 A.2d 688 (1997).

Generally, "[w]hen a party raises a claim for the first time on appeal, our review of the claim is limited to review under either the plain error doctrine as provided by Practice Book § 60-5, or the doctrine set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989)." *State* v. *Rodriguez*, 68 Conn. App. 303, 308, 791 A.2d 621, cert. denied, 260 Conn. 920, 797 A.2d 518 (2002); see also *State* v. *Marsala*, 93 Conn. App. 582, 590, 889 A.2d 943, cert. denied, 278 Conn. 902, 896 A.2d 105 (2006). The defendant has not sought review of his claim under either of those doctrines. Under the circumstances of this case, we will follow the general rule that "it is not appropriate to engage in a level of review that is not requested. . . . When the parties have neither briefed nor argued plain error [or *Golding* review], we will not afford such review." (Citation omitted; internal quotation marks omitted.) *Dockter* v. *Slowik*, 91 Conn. App. 448, 463–64, 881 A.2d 479, cert. denied, 276 Conn. 919, 888 A.2d 87 (2005); see also *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 17, 761 A.2d 740 (2000); *State* v. *Marsala*, supra, 590; *State* v. *Fagan*, 92 Conn. App. 44, 51 n.4, 883 A.2d 8, cert. denied, 276 Conn. 924, 888 A.2d 91 (2005). Accordingly, we will not review the defendant's unpreserved claim of instructional error.

## II

The defendant next claims that the court improperly permitted a witness to express an opinion with regard to an ultimate issue in the case. We disagree.

The state presented testimony from Clayton Brown, a state police trooper who administered three different field sobriety tests to the defendant prior to his arrest. Brown testified that the defendant failed these tests and testified concerning his observations of the defendant at the time of the arrest. The state later presented testimony from Jack Richman, an optometrist with expertise in field sobriety testing, including the horizontal gaze nystagmus test. The prosecutor asked Richman the following question: "If a person exhibits six clues in the horizontal gaze nystagmus [test], exhibits two clues in the one legged stand [test] . . . and exhibits seven clues in the walk and turn test, has an odor of alcoholic beverage, slurred speech and glassy eyes, would you have an opinion on whether or not they are under the influence?" Arguing that the question was beyond Richman's "area of expertise," the defendant's attorney objected to the question. The court, finding that Richman had "additional qualifications beyond the optometry field," overruled the objection. Richman then opined that the individual described in the hypothetical question exhibited "signs of impairment."

On appeal, the defendant argues that the court should have sustained his objection because the prosecutor's inquiry improperly invited Richman to render an expert opinion as to one of the ultimate issues in the case, whether the defendant was under the influence of alcohol at the time of his arrest. The defendant argues: "[T]he field sobriety test scores and overall appearance of the operator, as stated in the prosecutor's hypothetical, are precisely the test scores and overall appearance of the defendant as testified to by the police officer who administered the field sobriety tests." The defendant also argues: "Richman's response . . . [was] tantamount to an opinion on [his] guilt."

The defendant did not preserve this evidentiary claim for our review. At trial, the defendant's attorney

objected on the distinct ground set forth previously, which is that the prosecutor's hypothetical question called for a response that went beyond Richman's area of expertise. "Appellate review of evidentiary rulings is ordinarily limited to the specific legal [ground] raised by the objection of trial counsel. . . . To permit a party to raise a different ground on appeal than [that] raised during trial would amount to trial by ambuscade, unfair both to the trial court and the opposing party." (Internal quotation marks omitted.) *State* v. *Stenner*, 281 Conn. 742, 755, 917 A.2d 28 (2007); see also *State* v. *Calabrese*, 279 Conn. 393, 408 n.18, 902 A.2d 1044 (2006). The defendant does not assert that he is entitled to any extraordinary means of review of this unpreserved evidentiary claim, and we will not afford it review.

The judgment is affirmed.