STATE OF CONNECTICUT *v.*
FRITZGERALD DIEUDONNE
(AC 27960)

Harper, Beach and Robinson, Js.

Argued April 25—officially released July 29, 2008

*Joseph Visone*, special public defender, for the appellant (defendant).

*Paul J. Ferencek*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Joseph C. Valdes*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Fritzgerald Dieudonne, appeals from the judgment of conviction, rendered after a jury trial, of assault of public safety personnel in violation of General Statutes § 53a-167c and interfering with an officer in violation of General Statutes § 53a-167a.[1] On appeal, the defendant claims that the trial court (1) violated his right against double jeopardy and (2) improperly declined to instruct the jury that the court had granted his motion for a judgment of acquittal on the count of conspiracy to sell narcotics by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 and 21a-278 (b). We affirm in part and reverse in part the judgment of the trial court.

The jury reasonably could have found the following facts. On October 26, 2004, the Stamford police department received an anonymous tip indicating that three black males were selling drugs on the corner of Ludlow and Pacific streets. The tip provided that two of the men were wearing dark clothing and black jackets and that the third man was wearing a green jacket. Sergeant James Matheny and Officer Christopher Baker responded to the call. At the scene, the officers observed the defendant and another man, Silvio Paguero, standing on the corner. Both men were wearing clothing that fit the description. As the officers

_____

[1] After the state presented its case, the court granted the defendant's motion for a judgment of acquittal on the count of conspiracy to sell narcotics by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 and 21a-278 (b).

approached the street corner, they observed the defendant hand a small item to Paguero. Believing that the two men might be involved in a drug transaction, the officers exited their vehicle.

As Matheny approached the defendant, the defendant turned and, as he began walking away, reached into his pants, pulled out a white item and placed it in his mouth. Matheny identified himself as a police officer and ordered the defendant to stop. After the defendant ignored this request, Matheny placed his hand on the defendant's jacket and again asked him to stop. In response, the defendant pulled out of his jacket and attempted to run. Matheny wrestled the defendant to the ground, positioned himself on the defendant's back and instructed the defendant to stop resisting and to spit the item out of his mouth. The defendant failed to comply and pushed Matheny off of him. Both men rolled into the street and continued to wrestle as Matheny attempted to subdue the defendant.

After Baker observed Matheny struggling with the defendant, he attempted to help restrain the defendant. The defendant, however, pushed both officers off of him several times. After additional officers arrived, the defendant was subdued successfully. The defendant was arrested and a search incident to the arrest revealed $167 in small bills. No drugs were discovered. As a result of the struggle, Matheny sustained an interior chest wall injury that required medical treatment.

The jury found the defendant guilty of assaulting and interfering with Matheny, a peace officer, and the defendant was sentenced to the following terms of imprisonment: eight years for assault of public safety personnel and one year, concurrent, for interfering with an officer for a total effective sentence of eight years to be served concurrently with a five year sentence that the defendant was serving for violation of probation. This appeal followed.

I

The defendant first claims, and the state concedes, that the court imposed multiple punishments for the same offense in violation of his federal and state constitutional rights to be free from double jeopardy. See *State* v. *Flynn*, 14 Conn. App. 10, 20, 539 A.2d 1005 ("the crimes of interference with an officer and assault on an officer constitute the same offense and because there is no expression of legislative intent that the crimes warrant separate punishment, the . . . conviction on both counts . . . violate[s] the constitutional and common law prohibitions against double jeopardy"), cert. denied, 488 U.S. 891, 109 S. Ct. 226, 102 L. Ed. 2d 217 (1988). The only issue as to this claim, therefore, is the proper remedy. The defendant contends that the sentence for interfering with an officer must be vacated and that the case should be remanded to the trial court for resentencing. In response, the state agrees that "the conviction on the assault and interfering counts must merge and that the sentence on the interfering count must be vacated." The state, however, maintains that resentencing is not warranted under the facts of this case. We agree with the state.

It is well established that the remedy in a case such as this is "to combine the conviction on the lesser included offense with the conviction on the greater and to vacate the sentence on the lesser included offense." *State* v. *Mincewicz*, 64 Conn. App. 687, 693, 781 A.2d 455, cert. denied, 258 Conn. 924, 783 A.2d 1028 (2001). Accordingly, the defendant's conviction of interfering with an officer must be combined with his conviction of assault of public safety personnel, and his sentence for interfering with an officer must be vacated. See id., 693–94. The court, which sentenced the defendant to eight years for assault of public safety personnel and a concurrent one year sentence for interfering with an officer, clearly intended its disposition on the assault conviction to

control its sentencing scheme, and we can discern no reason why the court should again be required to exercise its sentencing discretion. See *State* v. *Chicano*, 216 Conn. 699, 714, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991).

## II

The defendant next claims that the court improperly declined to instruct the jury that the court had granted his motion for a judgment of acquittal on the count of conspiracy to sell narcotics. Because the defendant failed to preserve this claim, we decline to afford it review.

The following additional factual and procedural history is relevant to our resolution of the defendant's claim. At the conclusion of the state's case, the defendant moved for a judgment of acquittal as to the count of conspiracy to sell narcotics, arguing that the state presented insufficient evidence to support a conviction. The court granted the motion. In its charge to the jury, the court instructed that "the information that I read to you contains three counts. To the extent you may recall the information contained any other charge or information, you are not to consider it in any way in reaching your verdict." The defendant did not object to this instruction. During the jury's deliberation, the court received a question from the jury inquiring about the conspiracy charge. The court informed the parties that it would repeat its earlier instruction. The defendant objected, claiming that it would be prejudicial to him for the jury to believe that "the charge is still lodged against him." Thereafter, as to the conspiracy charge, the court instructed the jury that "[t]he matter has been resolved by the court. You're not to guess or to otherwise surmise the resolution, and you're not to have any consideration of that charge in your verdict. So, you're to forget about it."

The defendant argues that the court improperly refused to inform the jury that his motion for a judgment of acquittal had been granted, asserting, for the first time on appeal, that "[k]nowledge of the fact that the narcotics charge was dismissed pursuant to the defendant's motion for a judgment of acquittal was relevant to the jury's determination as to whether the defendant intended to interfere with the police officers' efforts to retrieve drugs from his mouth."

The defendant did not preserve his claim of instructional error for our review in that he neither filed a written request to charge nor took exception to the charge on this ground at trial. See Practice Book § 16-20. "Generally, [w]hen a party raises a claim for the first time on appeal, our review of the claim is limited to review under either the plain error doctrine as provided by Practice Book § 60-5, or the doctrine set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989)." (Internal quotation marks omitted.) *State* v. *Shepard*, 102 Conn. App. 101, 103, 924 A.2d 880 (2007). The defendant, however, has not sought review of his claim under either of those doctrines. Under the circumstances of this case, we will follow the general rule that "it is not appropriate to engage in a level of review that is not requested. . . . When the parties have neither briefed nor argued plain error [or *Golding* review], we will not afford such review." (Internal quotation marks omitted.) Id. Accordingly, we will not review the defendant's unpreserved claim of instructional error.

The judgment is reversed in part and the case is remanded with direction to vacate the sentence on the count of interfering with an officer and to combine the conviction of interfering with an officer with that of assault of public safety personnel. The judgment is affirmed in all other respects.